1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BIG SKY CIVIL TR.,

          Plaintiff,

    v.

META PLATFORMS, INC.,

          Defendants.

Case No.23-cv-05208-NC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND PROPER REPRESENTATION**

Re: ECF 1, 3

      Plaintiff Big Sky Civil Trust ("Big Sky") filed a complaint on October 12, 2023. ECF 1 ("Compl."). This Courts ORDERS Big Sky to show cause why this case should not be dismissed for: (1) lack of subject matter jurisdiction; and (2) lack of proper representation.

    **1.    Subject Matter Jurisdiction**

      Big Sky's complaint does not provide sufficient information to establish subject matter jurisdiction. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Big Sky selected diversity jurisdiction on the complaint's cover sheet. Compl. at 4. But the complaint does not have sufficient information to establish diversity of citizenship or the amount in controversy. *See* 28 U.S.C. § 1332(a). Accordingly, Big Sky must show cause in writing why this Court

1

1    should not dismiss this case for lack of subject matter jurisdiction.

2            **2.       Representation of Trusts in Federal Court**

3            Additionally, Big Sky does not have proper representation to appear before this

4    Court.  The complaint is brought pro se by trustee, David Braun.  Compl. at 3–4.  A trustee

5    may not bring an action pro se on behalf of a trust.  *C.E. Pope Equity Tr. v. United States*,

6    818 F.2d 696, 698 (9th Cir. 1987) ("[Pro se litigant] may not claim that his status as trustee

7    includes the right to present arguments pro se in federal court.").  Moreover, under Local

8    Rule 3–9(b), "[a] corporation, unincorporated association, partnership or *other such entity*

9    may appear only through a member of the bar of this Court."  Civ. L.R. 3–9(b) (emphasis

10   added).  Here, Braun is Big Sky's trustee and is not a member of the bar of this Court.

11   Thus, Big Sky must either show cause in writing why this case should not be dismissed for

12   lack of appropriate representation, or it may appear through an attorney admitted to the

13   local bar.

14           Given the above concerns, this Court dismisses without prejudice Big Sky's motion

15   at ECF 3 until Big Sky establishes subject matter jurisdiction and a right to proceed.  This

16   Court ORDERS Big Sky to show cause in writing by November 27, 2023, why this case

17   should not be dismissed for the reasons discussed above.  Big Sky also must file its

18   consent or declination to magistrate judge jurisdiction.  *See* ECF 5.

19           **IT IS SO ORDERED.**

20

21   Dated:  November 6, 2023            _____

22                             NATHANAEL M. COUSINS
                          United States Magistrate Judge

23

24

25

26

27

28

United States District Court
Northern District of California

2